Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 22 2014, 10:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

THOMAS H. FULLER, III,                )
                                      )
    Appellant-Defendant,          )
                                      )
        vs.                    )    No. 84A01-1307-CR-336
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.           )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael Rader, Judge
Cause Nos. 84D05-1111-FD-3633
84D05-1203-FD-973

**May 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

Thomas H. Fuller III pled guilty to three class D felonies. The trial court allowed him to serve a portion of his sentence on work release. The State later alleged that Fuller violated the terms of work release. After a hearing, the court ordered him to serve his entire previously-suspended sentence. Fuller challenges the extent of the time revoked. We affirm.

FACTS AND PROCEDURAL HISTORY

Fuller had pled guilty to class D felony receiving stolen auto parts in case 3633 and to separately filed charges of class D battery resulting in bodily injury and class D operating a vehicle while intoxicated in case 973. On December 21, 2012, the court sentenced Fuller to two years in case 3633, followed by two-year concurrent sentences in 973. It suspended the sentences except for 180 days of each sentence to be served consecutively on work release under the Vigo County Community Corrections Program.

On March 26, 2013, the State petitioned to revoke Fuller's probation in both cause numbers. After an evidentiary hearing, the court determined Fuller had violated the terms of his probation by: (1) consuming alcohol; (2) consuming methamphetamine; (3) failing to timely find employment; and (4) failing to pay work release fees. The Court sentenced Fuller as follows:

> I guess the problem I have is that you've got two (2) prior meth convictions and a resisting law enforcement conviction. Those are priors, we are here on two new cases where you've plead [sic] guilty to Battery Resulting in Bodily Injury, that was on a law enforcement officer. Operating a vehicle while intoxicated, a felony. And receiving stolen auto parts, a felony. I think, it's to [sic] many chances, and that's part of what's wrong with the system, there is no accountability.

\* \* \* \* \*

2

No, I understand, actions have consequences though, and you've been given multiple opportunities. You're revoked for the balance of your sentence, four (4) years with the Indiana Department of Correction.

Tr. pp. 35-36. This appeal followed.

## ISSUE

Fuller claims the court abused its discretion in ordering him to serve his entire previously-suspended sentence.

## DISCUSSION AND DECISION

If a trial court determines that a person has violated a term of probation before termination of the period, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h) (2012). A trial court's sentencing decision on a probation violation is reviewed under the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effects of the facts and circumstances. *Id*.

Here, Fuller does not contest the court's determination that he committed four probation violations. Instead, he challenges his sentence, saying he stayed off drugs for several years before using again in the instant cases. Fuller further notes that he freely admitted during the revocation hearing that he had used illegal drugs and points out that he has voluntarily participated in drug counseling programs. He thus says that the court should not have ordered that the full four-year sentence be executed.

3

The trial court correctly noted that Fuller has been given numerous chances to reform and has chosen not to comply. He admitted to using illegal drugs from a young age. He further conceded that he has participated in numerous drug treatment programs in the past but that he relapsed after the programs ended. In addition, Fuller said at the revocation hearing that he has prior convictions for operating while intoxicated, meth-related offenses, and resisting law enforcement.

It is also notable that Fuller tested positive for alcohol and methamphetamine just one month into his one-year term of work release. The Community Corrections program took away some credit time due to those violations but allowed him to remain in the program.

Unfortunately, despite being given yet another chance, Fuller chose not to comply. He failed to find a job for seventy-six days after entering the program. He found a job the day after the State filed a petition to revoke. Fuller also failed to pay work release program fees and accrued a debt of $449.00.

All in all, the court's decision that Fuller had been extended enough chances is not against the logic and effect of the facts and circumstances before the court. *See Butler v. State*, 951 N.E.2d 255, 262-63 (Ind. Ct. App. 2011) (no abuse of discretion in imposing the balance of a suspended sentence where probationer continued to abuse alcohol and illegal drugs despite previously participating in treatment).

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

Affirmed.

4

VAIDIK, C.J., and MAY, J., concur.